STATE *vs.* ISAAC HOWARD.

The Act of 1868–'69, chap. 18 creates two offences: 1st. Hunting on the
Sabbath with a dog. 2d. Being found off one's premises having a shot-
gun, rifle or pistol. Therefore, a conviction is sustainable under an in-
dictment charging the defendant with being "found off his premises on
the Sabbath day, having with him a shot-gun, contrary to the form of
the statute," &c.

Indictment at Spring Term, 1872, of LENOIR Superior Court,
under the Act of 1868–'69, chap. 18, in the following words:

"The jurors of the State upon their oath present that Isaac
Howard, late of the County aforesaid, on the 1st day of Janu-
ary, 1870, with force and arms, at and in the County aforesaid,
was found off of his premises on the Sabbath day, having with
him a shot-gun, contrary to the form of the statute in such
case made and provided, and against the peace and dignity of
the State."

The jury returned a *special verdict,* "That the defendant
was carrying his gun off of his premises on Sunday, but it is
not proved that he was hunting; whereupon, if the Court shall
be of opinion that the defendant is guilty, then the jury say
he is guilty as charged in the indictment, otherwise that he is
not guilty."

His Honor *Clarke, J.,* adjudged the defendant *not guilty,*
and the Solicitor appealed.

*Attorney General, Battle & Son,* and *Dupre* for the State.
No counsel for the defendant.

RODMAN, J. The charge against the defendant is that he
was "found off of his premises on the Sabbath day, having
with him a shot-gun, contrary to the statute," &c.

The jury found a special verdict, to wit: "That defendant
was carrying his gun off of his premises on Sunday, but it is

not proved that he was hunting." On this the Court adjudged the defendant not guilty.

The Act of 1868–9, ch. 18, creates two distinct offences: 1. Hunting on the Sabbath day with a dog or dogs. 2. Being found off of one's premises on the Sabbath, having a shot-gun, rifle or pistol.

The indictment follows the words of the Act creating the latter offence. The words have a plain and obvious meaning as they stand. It is not necessary to interpolate so as to make them read, " Being found hunting off of one's premises," in order to make them intelligible, and to do so would change the whole meaning of the sentence, and frustrate what appears to be the legislative policy. Courts have no right to do that.

Judgment must be reversed.

PER CURIAM. Judgment reversed.